FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

April 20, 2023

Christopher M. Wolpert
Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARIO REYNOSO,

    Defendant - Appellant.

No. 22-2119
(D.C. No. 2:19-CR-00137-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

In a proceeding giving rise to an earlier appeal, the district court sentenced Mario Reynoso to 280 months' imprisonment after a jury found him guilty of distribution of five grams or more of methamphetamine. Mr. Reynoso appealed, and a panel of this court affirmed. After missing the deadline to file a petition for writ of certiorari in the Supreme Court, Mr. Reynoso asked this court to recall its mandate, vacate and reissue its judgment, and appoint counsel to assist him in filing a timely

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

petition for writ of certiorari. In making this request, Mr. Reynoso alleged that his court-appointed counsel did not inform him of his right to petition for writ of certiorari or the deadline to do so. Mr. Reynoso supported this allegation with a letter from his counsel. Our clerk of court informed Mr. Reynoso that the court would not take any action on his request.

Subsequently, Mr. Reynoso, proceeding pro se,[1] returned to district court and commenced the proceeding giving rise to this appeal by filing a motion for appointment of counsel to assist him with filing a writ of certiorari petition. The district court denied the motion. On appeal, Mr. Reynoso argues the district court abused its discretion by denying his motion to appoint counsel. Mr. Reynoso also argues this court should recall its mandate and vacate and reissue its judgment affirming his criminal conviction to allow him an opportunity to file a timely petition for certiorari in the Supreme Court. Additionally, Mr. Reynoso has filed motions to proceed in forma pauperis and to file a reply brief out of time.

We affirm the district court's order denying Mr. Reynoso's motion to appoint counsel on the alternative ground that the district court lacked subject matter jurisdiction over the motion. But we grant Mr. Reynoso's motion to proceed in forma pauperis and his motion to file a reply brief out of time.

---

[1] Because Mr. Reynoso appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

I.     BACKGROUND

In 2020, the district court sentenced Mr. Reynoso to 280 months' imprisonment after a jury found him guilty of distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Mr. Reynoso appealed the conviction and sentence. On June 29, 2021, this court affirmed the district court's judgment, and the mandate issued on July 21, 2021. *See United States v. Reynoso*, 861 F. App'x 204, 210 (10th Cir. 2021).

Nearly two months after this court issued its decision, Mr. Reynoso received a letter from his attorney, dated August 19, 2021, informing him of the affirmation of the district court's judgment. In the letter, Mr. Reynoso's attorney stated: "As your case has now been affirmed, my appointment terminates and I no longer represent you." ROA Vol. 2 at 14. The letter did not mention Mr. Reynoso's right to file a petition for writ of certiorari in the Supreme Court or identify the deadline for him to do so.

In February 2022, over two months after the deadline for the timely filing of a petition for writ of certiorari,[2] Mr. Reynoso asked this court to have counsel appointed pursuant to the Criminal Justice Act ("CJA") and to vacate our judgment "only to reinstate the court's June 29, 2021, affirmation Judgment, so that newly

---

[2] For judgments issued prior to July 19, 2021, the Supreme Court extended the 90-day deadline for filing a petition for a writ of certiorari to 150 days because of the COVID-19 pandemic. *See Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021). Because we issued our judgment on June 29, 2021, Mr. Reynoso had until November 26, 2021, 150 days after our judgment, to file a petition for writ of certiorari.

appointed CJA counsel can assist Appellant with filing a timely Writ of Certiorari petition to the United States Supreme Court." Miscellaneous correspondence received from Mario Reynoso but not filed, Motion for Appointment of Counsel at 3, *United States v. Reynoso*, No. 20-2130 (10th Cir. Feb. 16, 2022). The same day as receipt of Mr. Reynoso's request, the clerk of court responded to Mr. Reynoso via letter stating: "This case has reached its end in this court. Our rules do not permit this court to appoint new counsel for you at this point in the proceedings. As a result, the court will not file or take any action on your motion." Miscellaneous correspondence received from Mario Reynoso but not filed, Letter in resp. at 1, *United States v. Reynoso*, No. 20-2130 (10th Cir. Feb. 16, 2022).

In April 2022, Mr. Reynoso filed a pro se writ of certiorari petition. Mr. Reynoso explained that he filed his writ of certiorari because there was a breakdown of the judicial process in violation of the CJA and that he was seeking review of the clerk of court's letter refusing to take action on his filing. Pet. for a Writ of Cert., *United States v. Reynoso*, (No. 21-7644), Apr. 13, 2022. The Supreme Court denied the petition. The Supreme Court also denied Mr. Reynoso's petition for rehearing.

Thereafter, Mr. Reynoso submitted another document in this court—this time a request to compel his CJA counsel of record to file a motion to withdraw and a motion for an extension of time so Mr. Reynoso could file any pro se pleadings to further litigate his criminal cause. The clerk of court again responded to Mr. Reynoso, telling him that the "proceedings are at an end" and this court

4

"therefore cannot accept your motion for filing and no further action will be taken on it." Miscellaneous correspondence received from Mario Reynoso but not filed, letter in resp., *United States v. Reynoso*, No. 20-2130 (10th Cir. Aug. 25, 2022).

Having not obtained relief in this court, Mr. Reynoso returned to district court and filed a motion for appointment of counsel to assist him with filing a petition for a writ of certiorari. The district court denied Mr. Reynoso's motion, explaining that defendants do not have a right to counsel to pursue discretionary review and that "[Mr.] Reynoso's appointed CJA counsel was not required to file a petition for writ of certiorari on [Mr.] Reynoso's behalf, nor was he required to file a motion to withdraw at the conclusion of the appeal." ROA Vol. 2 at 19.

Mr. Reynoso timely filed this appeal from the district court's denial of his motion to appoint counsel. On appeal, Mr. Reynoso argues the district court abused its discretion by denying his motion to appoint counsel. Mr. Reynoso also argues this court should vacate and reissue the judgment affirming his criminal conviction to allow him an opportunity to file a timely petition for certiorari in the Supreme Court. Finally, Mr. Reynoso has filed motions in this court to proceed in forma pauperis and to file a reply brief out of time.

## II.     DISCUSSION

We start by discussing Mr. Reynoso's appeal from the denial of his motion to appoint counsel. We then address Mr. Reynoso's motion to proceed in forma pauperis. We conclude by discussing Mr. Reynoso's argument that we should vacate

and reissue this court's judgment affirming his criminal conviction to allow him an opportunity to file a timely petition for certiorari in the Supreme Court.

### A.     *Motion to Appoint Counsel*

We review a district's court decision whether to appoint counsel under an abuse of discretion standard. *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991); *see also United States v. Baker*, 586 F. App'x 458, 460 (10th Cir. 2014). To obtain appointment of counsel for the purpose of filing a petition for certiorari, the defendant must demonstrate that counsel could pursue a non-frivolous argument in the petition. *United States v. Seretti*, 754 F.2d 817, 817 (9th Cir. 1985); *see also McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) ("The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.").

Here, the district court denied Mr. Reynoso's motion to appoint counsel, reasoning that because defendants have no right to counsel to pursue discretionary review, Mr. Reynoso had no right to have counsel file a petition for writ of certiorari on his behalf. We affirm the district court's decision to deny Mr. Reynoso's motion for appointment of counsel. However, we do so on alternative subject matter jurisdiction grounds, without addressing the reasoning offered by the district court.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Thus, "a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the

litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh*, 546 U.S. at 506).

A federal court lacks subject matter jurisdiction "if a case is moot." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). Simply stated, a controversy is moot "when the issues presented are no longer 'live.'" *Schutz v. Thorne*, 415 F.3d 1128, 1138 (10th Cir. 2005) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

Furthermore, "[f]ederal courts only have subject matter jurisdiction over cases and controversies ripe for adjudication." *United States v. Doe*, 58 F.4th 1148, 1154 (10th Cir. 2023). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

Mr. Reynoso's motion to appoint counsel is moot. A panel of this court has affirmed Mr. Reynoso's conviction, the mandate for Mr. Reynoso's criminal proceeding issued, and the deadline for Mr. Reynoso to file a timely petition for certiorari in the Supreme Court passed long before he filed his motion to appoint counsel in the district court. Additionally, Mr. Reynoso has already filed an untimely pro se writ of certiorari petition, which the Supreme Court denied. Thus, under present circumstances, the time for any appointed counsel to file a petition for writ of certiorari passed, no petition for a writ of certiorari can presently be filed, and

Mr. Reynoso's motion for the appointment of counsel to assist in the proceeding identified is moot.[3]

Alternatively, Mr. Reynoso's motion to appoint counsel is unripe because he has no open proceedings for which counsel could be appointed. Further, because this court has not recalled the mandate and vacated and reissued the judgment affirming Mr. Reynoso's conviction and sentence (and there is no certainty that it will do so), no live controversy exists in which counsel could assist. And Mr. Reynoso does not argue that he needs the assistance of counsel to file a motion in his criminal case to request that this court recall the mandate and vacate and reissue the judgment in that case. Rather, Mr. Reynoso has demonstrated he is fully capable of making such a request in this court. Therefore, Mr. Reynoso's motion for the appointment of counsel is alternatively unripe.

Because Mr. Reynoso's motion for appointment of counsel has been moot and unripe since the time he filed it in the district court, we affirm the district court's order denying the motion to appoint counsel.

### B.     *Motion to Proceed In Forma Pauperis*

Before us, Mr. Reynoso moves to proceed in forma pauperis. To proceed in forma pauperis on appeal, an appellant must seek review in "good faith . . . judged by

---

[3] "An exception to the mootness doctrine . . . arises when the case is 'capable of repetition, yet evading review.'" *United States v. Seminole Nation of Okla.*, 321 F.3d 939, 943 (10th Cir. 2002) (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 377 (1979)). This exception does not apply here because Mr. Reynoso could have filed his motion to appoint counsel before the deadline to file a petition for certiorari elapsed, thus avoiding a mootness problem in the district court.

an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). And "a defendant's good faith . . . [is] demonstrated when he seeks appellate review of any issue not frivolous." *Id.*; *see also DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) ("[A]n appellant must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.").

Mr. Reynoso has advanced a reasoned, nonfrivolous argument with respect to both the law and facts in this proceeding. Mr. Reynoso argues that his attorney did not follow the rules laid out in this court's CJA plan. The CJA requires federal courts to "place in operation . . . a plan for furnishing representation for any person financially unable to obtain adequate representation[.]" 18 U.S.C. § 3006A(a). As it relates to filing a petition for writ of certiorari in the Supreme Court, the Tenth Circuit's CJA plan provides that a court-appointed lawyer must either (1) represent the defendant in filing a petition for certiorari if the defendant wishes to seek review and there are reasonable grounds for counsel to assert in the petition or (2) notify the defendant that there are no reasonable grounds for filing a petition, move to withdraw from representing the defendant, promptly notify the defendant of such, and advise the defendant of his or her right to file a pro se petition for certiorari. Criminal Justice Act Plan for the United States Court of Appeals for the Tenth Circuit, Tenth Circuit Rules at 196–97 (2021).[4]

---

[4] The CJA plan adopted by the Court of Appeals for the Tenth Circuit provides:

Mr. Reynoso's appointed attorney did not follow the Tenth Circuit's CJA plan. Assuming Mr. Reynoso's attorney determined there were no reasonable grounds for filing a petition of certiorari,[5] counsel failed to do three things required under our plan: (1) promptly notify Mr. Reynoso of this court's decision affirming the conviction and sentence, (2) move to withdraw from representing Mr. Reynoso, and (3) advise Mr. Reynoso of his right to file a pro se petition for writ of certiorari.

Instead, fifty-one days after this court affirmed Mr. Reynoso's conviction and sentence, Mr. Reynoso's attorney sent Mr. Reynoso a letter stating: "As your case has now been affirmed, my appointment terminates and I no longer represent you." ROA Vol. 2 at 14. This statement is incorrect and incomplete. Our CJA plan provides definitively that "counsel's appointment does not terminate until . . . counsel informs

---

Counsel's appointment does not terminate until, if the person loses the appeal, counsel informs the person of his or her right to petition for certiorari in the United States Supreme Court and the deadline for filing the petition. Additionally, counsel must prepare and file the petition if the person requests it and there are reasonable grounds for counsel properly to do so (*see* Rule 10 of the Rules of the Supreme Court of the United States).

If counsel determines that there are no reasonable grounds for filing a petition and declines the person's request to file a petition, counsel shall inform the person and, after entry of judgment, shall move to withdraw under 10th Cir. R. 46.4. Upon entry of an order terminating the appointment, counsel *shall promptly notify* the represented person *and advise the person of his or her right to file a pro se petition for certiorari*.

Criminal Justice Act Plan for the United States Court of Appeals for the Tenth Circuit, Tenth Circuit Rules at 196–97 (2021) (emphasis added).

[5] Counsel's letter never states a determination there were no reasonable grounds for filing a petition for certiorari, but such might be inferred from the tenor of the letter.

the person of his or her right to petition for certiorari in the United States Supreme Court and the deadline for filing the petition." Criminal Justice Act Plan for the United States Court of Appeals for the Tenth Circuit, Tenth Circuit Rules at 196 (2021). The letter sent by Mr. Reynoso's attorney failed to do so. And, in so failing, Mr. Reynoso's counsel left Mr. Reynoso ninety-nine days to exercise his right to file a timely pro se petition for writ of certiorari—a right and a deadline not identified in counsel's letter. Accordingly, the issue raised by Mr. Reynoso on appeal has a non-frivolous factual basis.

Mr. Reynoso has also sought the correct remedy for the shortfalls in counsel's letter. The Supreme Court has consistently held that the remedy for an appellant represented by an attorney who did not follow the writ of certiorari petition provisions in a circuit court CJA plan is for the Court of Appeals to recall the mandate, vacate and reissue its judgment, and, if appropriate, appoint counsel to assist the appellant in seeking timely review of the circuit court's judgment. *Wilkins v. United States*, 441 U.S. 468, 470 (1979); *see also Sotelo v. United States*, 474 U.S. 806, 806 (1985); *Gordon v. United States*, 429 U.S. 1085, 1085 (1977); *Terrell v. United States*, 419 U.S. 813, 813 (1974); *Schreiner v. United States*, 404 U.S. 67, 67 (1971); *Doherty v. United States*, 404 U.S. 28, 29 (1971). Various circuit courts have likewise applied this remedy. *See, e.g., Nnebe v. United States*, 534 F.3d 87, 90–92 (2d Cir. 2008); *United States v. Howell*, 37 F.3d 1207, 1210 (7th Cir. 1994); *United States v. James*, 990 F.2d 804, 805 (5th Cir. 1993); *United States v. Masters*, 976 F.2d 728, 1992 WL 232466, at *3 (4th Cir. 1992) (unpublished); *Wilson v. United*

*States*, 554 F.2d 893, 894–95 (8th Cir. 1977). And, in at least one instance, we have recalled a mandate and vacated and reissued a judgment pursuant to *Wilkins*. *See United States v. Diaz*, No. 20-1269, 2022 WL 1043623, at *1 (10th Cir. Apr. 7, 2022) (unpublished).

In short, Mr. Reynoso has provided evidence that his attorney did not follow the CJA plan adopted by this court. And the case law supports the relief that Mr. Reynoso seeks for his attorney failing to follow the CJA plan. Therefore, Mr. Reynoso has advanced a reasoned, nonfrivolous argument. Accordingly, we grant Mr. Reynoso's motion to proceed in forma pauperis.[6]

C.     *Appellant's Request to Vacate and Reissue the Judgment in his Criminal Case*

In his opening brief to us, Mr. Reynoso asks this panel to recall the mandate and vacate and reissue this court's judgement affirming his criminal conviction and sentence. Mr. Reynoso did not seek this relief in the district court. Nonetheless we discuss the matter.

---

[6] We also grant Mr. Reynoso's motion to file a reply brief out of time. Mr. Reynoso submitted a proposed reply brief on January 31, 2023, after the deadline for filing such a brief. On that same day and possibly accompanying the proposed reply brief, the Federal Bureau of Prisons submitted a letter, docketed separately as a motion on behalf of Mr. Reynoso, indicating that access to "law resources and library time has been inhibited due to institutional emergencies" and that Mr. Reynoso did not have access to time-sensitive legal information through "no fault of his own." Appellant's Mot. filed for Mario Reynoso as submitted by BOP on behalf of Mario Reynoso to extend time to file a reply brief until 01/31/2023, *United States v. Reynoso*, No. 22-2119 (10th Cir. Jan. 31, 2023).

It is not surprising that Mr. Reynoso did not present this issue to the district court as this court, not the district court, has the authority to grant the relief Mr. Reynoso now seeks.[7] *See Wilkins*, 441 U.S. at 469 ("Had the petitioner presented his dilemma to the Court of Appeals by way of a motion for the appointment of counsel to assist him in seeking review here, the court then could have vacated its judgment affirming the convictions and entered a new one, so that this petitioner . . . could file a timely petition for certiorari."); *Nnebe*, 534 F.3d at 91 ("The Supreme Court in *Wilkins* clearly signaled that the Courts of Appeals should make appropriate relief available so that defendants are not disadvantaged by the failures in representation by CJA counsel."); *see also United States v. Joseph*, 350 F. App'x 814, 815 (4th Cir. 2009) (unpublished) ("[T]he district court in this case correctly found it was without authority to order an appropriate remedy, such as recalling the mandate and reissuing this court's opinion.").

While we recognize counsel may not have complied with this court's CJA plan such that we are sympathetic to Mr. Reynoso's request for us to recall the mandate and vacate and reissue this court's judgment, this appeal is not the appropriate proceeding through which to do so. Rather, that matter is best left to the panel of judges who presided over Mr. Reynoso's direct appeal. Thus, to seek the relief he desires, Mr. Reynoso should file a motion in his previous criminal proceeding

---

[7] Even if Mr. Reynoso needed to present this matter to the district court to preserve the issue, the Government, by responding to the issue directly on the merits without presenting a waiver argument, has waived the waiver, *see Schell v. Chief Just. & Justs. of Okla. Supreme Ct.*, 11 F.4th 1178, 1192 n.6 (10th Cir. 2021).

(No. 20-2130), requesting the relief from that panel of this court. We acknowledge Mr. Reynoso previously sought this remedy from this court in his criminal proceeding only to have the clerk of court decline to act on his request. Nonetheless, having carefully reviewed Mr. Reynoso's arguments and the evidence he has submitted, we are left to conclude that Mr. Reynoso should file a motion in his criminal proceeding to request the relief he seeks and suggest that any such motion should receive due consideration.[8]

### III.  CONCLUSION

We AFFIRM the district court's order denying Mr. Reynoso's motion to appoint counsel. We GRANT Mr. Reynoso's motion to proceed in forma pauperis. We also GRANT Mr. Reynoso's motion to file a reply brief out of time.

                                                Entered for the Court


                                                Carolyn B. McHugh
                                                Circuit Judge

---

[8] If Mr. Reynoso pursues a motion in his criminal appeal, we recommend he include a copy of this order and judgment with any such motion.