UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

MARIO REYNOSO, pro se,

        Plaintiff/Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant/Respondent - Appellee.

Case No. 22-2119

Appellant/Petitioner's Opening Brief

## NOTICE AND INSTRUCTIONS

    If you proceed on appeal pro se, the court will accept a properly completed Form A-12 in lieu of a formal brief. This form is intended to guide you in presenting your appellate issues and arguments to the court. <u>If you need more space, additional pages may be attached</u>. A short statement of each issue presented for review should precede your argument. Citations to legal authority may also be included. This brief should fully set forth all of the arguments that you wish the court to consider in connection with this case.

    New issues raised for the first time on appeal generally will not be considered. An appeal is not a retrial but rather a <u>review</u> of the proceedings in the district court. A copy of the completed form must be served on all opposing counsel and on all unrepresented parties and a proper certificate of service furnished to this court. A form certificate is attached.

**APPELLANT/PETITIONER'S OPENING BRIEF**

1. **Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.) Appellant filed a MOTION FOR APPOINTMENT OF COUNSEL TO HELP ASSIST HIM WITH FILING A WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT SO THAT HE CAN CHALLENGE THIS COURT'S ADVERSE DECISION AFFIRMING HIS CRIMINAL JUDGMENT OF CONVICTION. THE DISTRICT COURT HAS DENIED HIS MOTION FOR APPOINTMENT OF COUNSEL AND HIS MOTION FOR LEAVE TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF COSTS FEES. THE DISTRICT COURT CERTIFIES THAT APPELLANT'S APPEAL IS NOT TAKEN IN GOOD FAITH.

2. **Statement of Facts Relevant to the Issues Presented for Review.**
APPELLANT'S CRIMINAL JUDGMENT OF CONVICTION WAS AFFIRMED BY THIS CIRCUIT COURT AFTER HIS APPOINTED CJA COUNSEL OF THE RECORD FILED A NOTICE OF APPEAL TO SEEK REVIEW OF HIS CRIMINAL JUDGMENT. CJA APPOINTED COUNSEL OF THE RECORD WROTE APPELLANT A LETTER ON AUGUST 19, 2021, ADVISING HIM THAT THIS CIRCUIT COURT AFFIRMED HIS CRIMINAL JUDGMENT AND THAT CJA COUNSEL'S REPRESENTATION TERMINATES. CJA COUNSEL NEVER ADVISED APPELLANT THAT A PETITION FOR REHEARING EN BANC COULD BE REQUESTED IN THE TENTH CIRCUIT, OR THAT A PETITION FOR WRIT OF CERTIORARI COULD BE FILED TO THE UNITED STATES SUPREME COURT, TO CHALLENGE THIS COURT'S AFFIRMATION JUDGMENT. CJA COUNSEL OF THE RECORD HAS NEVER FILED A MOTION TO WITHDRAWL FROM THE REPRESENTATION ON APPELLANT'S BEHALF, AND THEREFORE, APPOINTED CJA COUNSEL OF THE RECORD CONDUCT HAS DEPRIVED APPELLANT OF HIS CJA "RIGHT" TO REQUEST FOR THE UNITED STATES SUPREME COURT TO REVIEW BOTH LOWER COURT'S JUDGMENTS OF HIS CRIMINAL JUDGMENT. BECAUSE CJA COUNSEL OF THE RECORD HAS SIMPLY JUST ABANDON APPELLANT BY NOT COMPLYING WITH THE APPOINTMENT OF COUNSEL RULES LAID OUT IN THIS CIRCUIT OR WITH HIS CJA DUTIES MANDATED PURSUANT TO THE CRIMINAL JUSTICE ACT OF 18 U.S.C. § 3006A, THE TIME LIMITATIONS FOR FILING A PETITION FOR REHEARING EN BANC IN THIS CIRCUIT COURT

(CONTINUED ON ATTACHED PAGE 2a)

AND THE TIME LIMITATION FOR SEEKING UNITED STATES SUPREME COURT
CERTIORARI REVIEW PURSUANT TO SUPREME COURT RULES, RULE 13, 90 DAYS
HAS EXPIRED AND PASSED. CJA COUNSEL HAD AN OBLIGATION TO ADVISE AND
INFORM APPELLANT OF HIS "RIGHT" TO PETITION THE UNITED STATES SUPREME
COURT FOR REVIEW OF THE ADVERSE DECISION ISSUED AGAINST APPELLANT
OF HIS CRIMINAL JUDGMENT OF CONVICTION. CJA COUNSEL DID NOT DO THIS.
CJA COUNSEL WAS SUPPOSED TO FILE A MOTION WITH THIS CIRCUIT COURT
TO WITHDRAWL AFTER APPELLANT'S DIRECT APPEAL WAS DECIDED AGAINST HIM,
ONLY AFTER PROMPTLY ADVISING AND INFORMING APPEALLANT OF HIS CJA
RIGHT TO PETITION THE HIGHER COURT FOR REVIEW, WHICH WOULD HAVE
ALLOWED APPELLANT ADEQUATE TIME FOR REQUESTING NEW COUNSEL TO ASSIST
HIM WITH A PETITION FOR WRIT OF CERTIORARI, OR AN ORDER FROM THIS
COURT ALLOWING APPELLANT TO PROCEED AS A "PRO SE" LITIGANT IN ALL
OTHER FURTURE MATTERS IN HIS CRIMINAL CAUSE.

3. **Statement of Issues.**

   a. **First Issue:** THE DISTRICT COURT ABUSED IT'S DISCRETION WHEN IT DENIED APPELLANT'S MOTIONS FOR APPOINTMENT OF COUNSEL AND TO COMPEL APPOINTED CJA COUNSEL TO FULFILL HIS DUTIES UNDER 18 U.S.C. § 3006A

   **Argument and Authorities:**

   APPELLANT ARGUES THAT THE DENIAL OF HIS MOTION FOR COUNSEL AND MOTION TO COMPEL CJA COUNSEL OF THE RECORD TO COMPLY WITH HIS CJA DUTIES IN ACCORDANCE WITH THE CRIMINAL JUSTICE ACT IS AN ABUSE OF DISCRETION. THE DISTRICT COURT AND THE TENTH CIRCUIT COURT OF APPEALS APPOINTED CJA COUNSEL OF THE RECORD TO REPRESENT APPELLANT DURING THE COURSE OF HIS CRIMINAL TRIAL AND ON DIRECT REVIEW. (CONTINUED ON ATTACHED PAGE(S)... 3a, 3b, 3c)

   b. **Second Issue:** DOES THIS COURT HAVE THE AUTHORITY PURSUANT TO 28 U.S.C. § 1291, TO IN-TURN EXERCISE ITS AUTHORITY PURSUANT TO 28 U.S.C. § 2106, AND CONSTRUE APPELLANT'S APPEAL AS HIS MOTION FOR APPOINTMENT OF COUNSEL?

   **Argument and Authorities:**

   28 U.S.C. § 2106, ALLOWS THE UNITED STATES SUPREME COURT AND COURTS OF APPEALS HAVING APPELLATE JURISDICTION, TO MODIFY, SET ASIDE, VACATE, OR CORRECT ANY ORDER OR JUDGMENT BROUGHT LAWFULLY BEFORE IT, AS MAY BE JUSTICE UNDER THE CIRCUMSTANCE TO PREVENT A MISCARRIAGE OF JUSTICE. See 28 U.S.C. § 2106.

ARGUMENT AND AUTHORITIES

CJA COUNSEL OF THE RECORD HAS NOT FULFILLED HIS CJA DUTIES AS THIS TENTH CIRCUIT COURT ADOPTED CJA PLAN OUTLINES. CJA COUNSEL'S ACTIONS HAVE DEPRIVED APPELLANT OF HIS RIGHT TO PETITION THE UNITED STATES SUPREME COURT FOR REVIEW OF BOTH LOWER COURT'S ADVERSE DECISIONS CONCERNING APPELLANT'S CRIMINAL JUDGMENT OF CONVICTION.

    EVEN IF THIS COURT DOES NOT FIND THAT THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL AND TO COMPEL CJA COUNSEL OF THE RECORD TO FULFILL HIS DUTIES AND OBLIGATIONS PURSUANT TO THE CRIMINAL JUSTICE ACT, 18 U.S.C. § 3006A, AND INFORM OR ADVISE APPELLANT OF HIS RIGHT TO PETITION THE UNITED STATES SUPREME COURT VIA WRIT OF CERTIORARI, OR TO FILE A MOTION TO WITHDRAWL FROM THE REPRESENTATION OF APPELLANT'S BEHALF AND ALSO A MOTION FOR EXTENSION OF TIME, TO ALLOW APPELLANT TO FILE A PRO SE REHEARING EN BANC PETITION WITH THIS TENTH CIRCUIT CONCERNING THIS COURT'S JUNE 29, 2021, AFFIRMATION JUDGMENT, OR TO PROCEED AND REQUEST NEW CJA COUNSEL TO HELP ASSIST APPELLANT WITH FILING A TIMELY PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT, THAN THIS COURT SHOULD STILL EXERCISE IT AUTHORITY PURSUANT TO 28 U.S.C § 2106, AND RECALL THE MANDATE IN APPELLANT'S CRIMINAL DIRECT REVIEW, VACATE THE JUNE 29, 2021, AFFIRMATION JUDGMENT, THAN REINSTATE THE JUDGMENT AND ALLOW APPELLANT TO BE ABLE TO FILE A TIMELY PETITION FOR CERTIORARI WITH THE UNITED STATES SUPREME COURT, OR A PRO SE MOTION FOR REHEARING EN BANC IN THIS TENTH CIRCUIT COURT CONCERNING THE JUNE 29, 2021, ADVERSE JUDGMENT.

    APPELLANT FILED HIS MOTION FOR APPOINTMENT COUNSEL IN THE DISTRICT COURT TO GIVE THIS CIRCUIT COURT JURISDICTION TO RECALL OR MODIFY ITS JUNE 29, 2021, JUDGMENT. THE UNITED STATES SUPREME COURT

MADE CLEAR IN THE CASES OF <u>WILKINS, SR., V. UNITED STATES</u>, 441 US 468, 60 L. Ed 2d 365, 99 S. Ct. 1829 (1979); and <u>SCHREINER V. UNITED STATES</u>, 404 US 67, 30 L. Ed 2d 222, 92 S. Ct. 326 (1971); ALSO <u>DOHERTY V. UNITED STATES</u>, 404 US 28, 30 L. Ed 2d 149, 92 S. Ct. 175 (1971), THAT WHEN CJA APPOINTED COUNSEL ABANDONS THE CLIENT AS APPELLANT'S APPOINTED CJA COUNSEL HAS, AND FAILS OR REFUSES TO ADVISE AND INFORM THE CLIENT OF THE RIGHT TO PETITION THE UNITED STATES SUPREME COURT VIA CERTIORARI PETITION, THE CLIENT SHOULD PRESENT HIS DILEMMA TO THE COURT OF APPEALS BY WAY OF A MOTION FOR APPOINTMENT OF COUNSEL TO ASSIST IN SEEKING REVIEW TO THE SUPREME COURT, AND THE COURT OF APPEALS CAN THAN VACATE ITS JUDGMENT AFFIRMING THE CONVICTIONS AND ENTER A NEW, SO THAT THE PETITIONER, WITH THE ASSISTANCE OF COUNSEL, COULD FILE A TIMELY PETITION FOR CERTIORARI. SEE <u>DOHERTY V. UNITED STATES</u>, 404 US 28, 30 L. Ed 2d 149, 92 S. Ct. 175 (1971); <u>SCHREINER V. UNITED STATES</u>, 404 US 67, 30 L. Ed 2d 222, 92 S. Ct 326 (1971); ALSO <u>WILKINS, SR., V. UNITED STATES</u>, 441 US 468, 60 L. Ed 2d 365, 99 S. Ct. 1829 (1979).

APPELLANT'S APPEAL OF HIS MOTION FOR APPOINTMENT OF COUNSEL IS NOW PRESENTING HIS DILEMMA OF HIS CJA APPOINTED COUNSEL'S ABANDONMENT TO THIS COURT FOR RELIEF. LIKEWISE, CJA COUNSEL OF THE RECORD HAS NEVER BEEN GRANTED PERMISSION PURSUANT TO AN ORDER OF THIS COURT TO BE RELIEVED FROM HIS CJA DUTIES OF REPRESENTING APPELLANT. THIS CIRCUIT COURT'S RULES, RULE 46.3(B) AND 46.4(A) MAKES CLEAR AND PROVIDES THAT APPOINTED COUNSEL MAY NOT WITHDRAW WITHOUT OR BEFORE FILING A PROPER MOTION TO WITHDRAW UNDER 10TH CIR. RULE 46.4. THE RECORD IS CLEAR THAT APPELLANT'S CJA APPOINTED COUNSEL OF THE RECORD HAS NEVER FILED A MOTION TO WITHDRAW UNDER 10TH CIR. RULE 46.4. WHEREFORE, CJA COUNSEL IS STILL MY ATTORNEY

OF THE RECORD, AND IS STILL OBLIGATED PURSUANT TO THE CRIMINAL JUSTICE ACT, 18 U.S.C. § 3006A, TO FULFILL HIS DUTIES AS CONGRESS OUTLINED AND THE COURT OF APPEALS, THE SOLICITOR GENERAL, AND THE UNITED STATES SUPREME COURT, RECOGNIZED, THAT ALL COURTS HAVE A STRONG INTEREST IN ENSURING THAT LAWYERS APPOINTED TO AID INDIGENTS DISCHARGE THEIR RESPONSIBILITIES FAIRLY.

IN ANY EVENT, APPELLANT IS REQUESTING THAT THIS CIRCUIT COURT IN THE EXERCISE OF ITS APPEALS JURISDICTION PURSUANT TO 28 U.S.C. § 1291, ALSO EXERCISE ITS AUTHORITY PURSUANT TO 28 U.S.C. § 2106, AND CONSTRUE APPELLANT'S APPEAL AS A REQUEST FOR THIS COURT TO RECALL OR MODIFY ITS MANDATE, AND VACATE ITS JUNE 29, 2021, AFFIRMANCE JUDGMENT, THAN REINSTATE THE JUDGMENT, ALLOWING APPELLANT A NEW TIME FRAME FOR FURTHER LITIGATION TO CHALLENGE THE ADVERSE JUDGMENT ISSUED AGAINST HIM. APPELLANT DID ATTACH SUFFICIENT EVIDENCE IN THE FORM OF THE LETTER HIS APPOINTED CJA COUNSEL OF THE RECORD WROTE HIM, TO SUPPORT HIS CLAIM HE RAISES IN HIS MOTION FOR THE APPOINTMENT OF COUNSEL TO HELP ASSIST HIM WITH FILING A PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT, AS THE UNITED STATES SUPREME COURT HELD IN THE CASES OF <u>WILKINS V. UNITED STATES</u>, 441 US 468, 60 L. Ed 2d 365, 99 S. Ct. 1829 (1979); ALSO <u>SCHREINER V. UNITED STATES</u>, 404 US 67, 30 L. Ed 2d 222, 92 S. Ct. 326 (1971); ALSO <u>DOHERTY V. UNITED STATES</u>, 404 US 28, 30 L. ED 2d 149, 92 S. Ct. 175 (1971). APPELLANT'S CRIMINAL CASE IN THE DISTRICT COURT WAS TRIED BY A JURY TRIAL, HE TOOK A DIRECT CRIMINAL APPEAL, AND THERE IS NO REASON FOR THIS COURT TO THINK THAT HE WOULD NOT WANT TO HAVE HIS CASE REVIEWED BY THE HIGHEST COURT OF THE LAND.

**4. Do you think the district court applied the wrong law? If so, what law do you want applied?** YES, I DO BELIEVE THAT THE DISTRICT COURT APPLIED THE LAW INCORRECTLY IN THIS MATTER. I WOULD HAVE FOR THE COURT TO APPLY THE RULINGS ESTABLISHED IN WILKINS, SCHREINER, AND DOHERTY.

**5. Did the district court incorrectly decide the facts? If so, what facts?** THE DISTRICT COURT INCORRECTLY FINDS THAT BECAUSE REVIEW BY THE SUPREME COURT IS DISCRETIONARY, CJA COUNSEL WAS NOT REQUIRED TO FILE A PETITION FOR CERTIORARI NOR A MOTION TO WITHDRAW AFTER DECISION.

**6. Did the district court fail to consider important grounds for relief? If so, what grounds?** THE DISTRICT COURT FAILED TO CONSIDER THAT APPELLANT'S MOTION FOR APPOINMENT OF COUNSEL IS WHAT THE UNITED STATES SUPREME COURT STATED CLIENTS SHOULD FILE TO PRESENT THEIR DILLEMMA CONCERING THE PROBLEM AND ACTIONS OF CJA APPOINTED COUNSEL'S.

**7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?** ALTHOUGH THIS IS A MATTER TECHNICALLY FOR THIS CIRCUIT COURT OF APPEALS TO HANDLE, THE DISTRICT COURT'S JUDGMENT CONFLICTS WITH SUPREME COURT CASES WILKINS, DOHERTY, AND SCHREINER.

**8. What action do you want this court to take in your case?** THIS COURT SHOULD EXERCISE ITS POWER UNDER 28 U.S.C. § 2106, AND VACATE ITS JUNE 29, 2021, AFFIRMINACE ORDER, AND THAN REINSTATE THE JUDGMENT, ALLOWING APPELLANT NEW TIME TO FILE CERTIORARI, RULE 13.

**9. Do you think the court should hear oral argument in this case? If so, why?** ONLY IF THIS COURT WOULD LIKE TO KNOW WHY CJA COUNSEL OF THE RECORD HAS NOT FULFILLED HIS DUTIES AS OUTLINED IN THE CRIMINAL JUSTICE ACT PLAN ADOPTED BY THIS CIRCUIT.

November 14, 2022
Date

_[Signature]_
Signature

## CERTIFICATE OF SERVICE

I hereby certify that on <u>November 14, 2022</u> I sent a copy of
(date)

the Appellant/Petitioner's Opening Brief to <u>The Clerks Office</u>

<u>United States Appeals Court</u>, at <u>1823 Stout Street</u>
(Opposing Party or Attorney)
<u>Denver Colorado 80257              </u>, the last known address/email

address, by <u>U.S. Postal Service    </u>.
(state method of service)

<u>November 14, 2022     </u>          <u>                              </u>
Date                                              Signature

## CERTIFICATE OF COMPLIANCE

I certify that the total number of pages I am submitting as my Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total number of pages exceeds 30, I certify that I have counted the number of words and the total is _____, which is less than 13,000. I understand that if my Appellant/Petitioner's Opening Brief exceeds 13,000 words, my brief may be stricken and the appeal dismissed.

<u>November 14, 2022     </u>          <u>                              </u>
Date                                              Signature





...ral Correctional Complex
. Box 3000 - Medium.
rest City, AR 72336

United States of Appeals
for the Tenth Circuit
Office of the Clerk
Byron White United States Courthouse.
Denver, Colorado 80257.

Scanned at
US Marshal

1-16-2022 KOWthy CSO