# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

_____

## NO. 22-2119

_____

**UNITED STATES OF AMERICA,**

**Plaintiff/Appellee,**

**vs.**

**MARIO REYNOSO,**

**Defendant/Appellant.**

_____

**Appeal from the United States District Court
For the District of New Mexico
District Court No. 2:19-CR-00137-RB
Hon. Robert C. Brack, Senior United States District Judge**

_____

**APPELLEE'S ANSWER BRIEF – NO ATTACHMENTS**
_____

**ORAL ARGUMENT IS NOT REQUESTED**

**ALEXANDER M.M. UBALLEZ**
United States Attorney

**TIFFANY L. WALTERS**
Assistant U.S. Attorney
Post Office Box 607
Albuquerque, NM  87103
(505) 346-7274
Attorneys for Appellee

**December 2022**

# <u>TABLE OF CONTENTS</u>

**<u>PAGE</u>**

TABLE OF CASES AND OTHER AUTHORITIES ............................................ ii

PRIOR OR RELATED APPEALS .................................................................... iv

ISSUE PRESENTED FOR REVIEW ............................................................... 1

STATEMENT OF THE CASE AND THE FACTS ............................................ 1

SUMMARY OF THE ARGUMENT ................................................................ 4

ARGUMENT ................................................................................................... 5

I.      The district court did not abuse its discretion in denying
        Reynoso's motion for appointment of counsel ......................................... 5

II.     Reynoso has not shown extraordinary circumstances that
        would warrant recalling the mandate ...................................................... 9

CONCLUSION AND STATEMENT CONCERNING ORAL ARGUMENT ... 14

TYPE-VOLUME CERTIFICATION .............................................................. 15

CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION ....................... 16

## <u>ATTACHMENTS</u>

Attachment 1:  Order Denying Motion to Appoint Counsel filed September
                     15, 2022 (Doc. 133)

## <u>TABLE OF CASES AND OTHER AUTHORITIES</u>

### <u>TABLE OF CASES</u>

<u>PAGE</u>

*Calderon v. Thompson,*
    523 U.S. 538 (1998) ...................................................................... 10

*Clay v. United States,*
    537 U.S. 522 (2003) ........................................................................ 6

*Coronado v. Ward,*
    517 F.3d 1212 (10th Cir. 2008) ...................................................... 5

*Doherty v. United States,*
    404 U.S. 28 (1971) ........................................................................ 12

*Engberg v. Wyoming,*
    265 F.3d 1109 (10th Cir. 2001) ...................................................... 6

*Margheim v. Buck,*
    752 F. App'x 685 (10th Cir. 2019) .................................................. 8

*Nicholls v. Long,*
    No. 20-1159, 2022 WL 211617 (10th Cir. Jan. 25, 2022) (unpublished) ....... 8

*Nnebe v. United States,*
    534 F.3d 87 (2d Cir. 2008) ...................................................... 12, 13

*Pennsylvania v. Finley,*
    481 U.S. 551 (1987) ........................................................................ 5

*Rachel v. Troutt,*
    820 F.3d 390 (10th Cir. 2016) ........................................................ 6

*Ross v. Moffitt,*
    417 U.S. 600 (1974) ........................................................................ 5

*Rucks v. Boergermann,*
    57 F.3d 978 (10th Cir. 1995) .......................................................... 8

*Schreiner v. United States,*
    404 U.S. 67 (1971) ........................................................................ 12

*Steele v. United States,*
    518 F.3d 986 (8th Cir. 2008) ...................................................... 12

*Strickland v. Washington,*
    466 U.S. 668 (1984) ...................................................................... 12

*United States v. Anthony,*
    25 F.4th 792 (10th Cir. 2022) ...................................................... 6

*United States v. Fernandez,*
    397 F. App'x 433 (10th Cir. 2010).................................... 11, 12, 13

*United States v. Price,*
    491 F.3d 613 (7th Cir. 2007) ...................................................... 12

*United States v. Reynoso,*
    861 F. App'x 204 (10th Cir. 2021)...................................... iv, 1, 8, 11

*Ute Indian Tribe of the Uintah & Ouray Rsrv. v. State of Utah,*
    114 F.3d 1513 (10th Cir. 1997) .................................................... 10

*Wilkins v. United States,*
    441 U.S. 468 (1979) ...................................................................... 12

*Williams v. Meese,*
    926 F.2d 994 (10th Cir. 1991) .................................................. 6, 9

# TABLE OF OTHER AUTHORITIES

**PAGE**

Statutes

18 U.S.C. § 3006A(a)(2)(B) ..................................................................... 6

18 U.S.C. § 3006A(c) ................................................................... 2, 5, 6, 7

28 U.S.C. § 2255 ............................................................................... 6, 12

28 U.S.C. § 2255(g) ................................................................................ 6

Rules

Fed. R. App. P. 25(a)(2)(A)(iii) ............................................................... 4

Fed. R. App. P. 35(c), 40(a)(1) ............................................................... 7

10th Cir. R. add. I .............................................................................. 5, 8

Sup. Ct. R. 13 ....................................................................................... 7

# PRIOR OR RELATED APPEALS

This Court affirmed Defendant/Appellant Mario Reynoso's conviction and sentence on June 29, 2021. *United States v. Reynoso*, 861 F. App'x 204, 205 (10th Cir. 2021).

iv

## ISSUE PRESENTED FOR REVIEW

Did the district court abuse its discretion in denying Reynoso's motion for appointment of counsel to pursue a second, untimely petition for certiorari or an untimely petition for rehearing?

## STATEMENT OF THE CASE AND THE FACTS

A jury found Reynoso guilty of distribution of five grams or more of methamphetamine, and the district court sentenced him to 280 months' imprisonment and 10 years' supervised release. 1R.44–46.[1] Reynoso appealed, challenging the district court's admission of evidence under Federal Rule of Evidence 404(b), the sufficiency of the evidence to support his conviction, and the substantive reasonableness of his sentence. *United States v. Reynoso*, 861 F. App'x 204, 205 (10th Cir. 2021). This Court affirmed on June 29, 2021, and the mandate issued on July 21, 2021. *Id.* at 210; *see United States v. Reynoso*, No. 20-2130, Doc. 010110551416.

Reynoso submitted a motion for appointment of counsel to this Court dated February 10, 2022. Doc. 010110646164. Reynoso contended that his prior counsel failed to inform him of his right to petition for a writ of certiorari within 90 days of the affirmance in violation of the Criminal

---

[1] Citations to the record take the form [vol.]R.[page]. Reynoso's opening brief is cited as "Op. Br."

Justice Act (CJA), *id.* at 2,[2] which provided him with a statutory right to counsel "through appeal." 18 U.S.C. § 3006A(c). He included a letter from his previously-appointed CJA attorney dated August 21, 2021.

Doc. 010110646164 at 5. The letter informed him of the Tenth Circuit's affirmance and that his counsel's representation was now "terminated." *Id.* Reynoso requested that this Court vacate and reinstate its judgment and appoint him new counsel to assist him in filing a timely petition for certiorari. *Id.* at 3.

On February 16, 2022, this Court responded and explained to Reynoso that his "case has reached its end in this court," and "[o]ur rules do not permit this court to appoint new counsel for you at this point in the proceedings." Doc. 010110646165. The Court informed Reynoso that it would "not file or take any action on your motion." *Id.*

On April 13, 2022, Reynoso filed a pro se petition for a writ of certiorari, seeking review of this Court's decision not to act on his motion for appointment of counsel. *See* 2R.5; Petition for Certiorari at 4–8 (No. 21-7644). Reynoso raised no challenge to this Court's affirmance. The Supreme Court denied the petition on June 6, 2022. 2R.6; 142 S. Ct. 2791 (2022). He

---

[2] Page numbers refer to the ECF page number.

subsequently petitioned for rehearing, which the Court denied on August 22, 2022.[3] 2R.7; 143 S. Ct. 65 (2022).

Unsuccessful before both this Court and the Supreme Court, Reynoso took his claim back to district court. On September 12, 2022, he moved the district court for appointment of counsel to assist him in filing a petition for a writ of certiorari or to file a petition for rehearing with this Court. 1R.8–11. Alternatively, he sought an order compelling his previously-appointed CJA counsel to file a petition for certiorari or a motion to withdraw and motion for an extension of time to allow Reynoso to file a pro se "motion" on his own behalf. *Id.* at 8. In support of his motion, Reynoso again argued that his CJA counsel had not informed him of his right to file a petition for a writ of certiorari or to petition for rehearing and had not moved to withdraw. *Id.* at 9–10. He also attached the same September 14, 2020 letter from his CJA counsel that he had provided to this Court. *Id.* at 14.

The district court denied the motion. 1R.18–19. The court emphasized that defendants have no right to counsel to pursue discretionary review, such as a petition for certiorari. *Id.* at 18. For this reason, it concluded that "Reynoso's appointed CJA counsel was not required to file a petition for writ

---

[3] The petition for rehearing argued that the district court lacked personal and subject matter jurisdiction because Reynoso's grand jury indictment was redacted. *See* 1R.14 (superseding indictment with the foreperson's name redacted).

of certiorari on Reynoso's behalf, nor was he required to file a motion to withdraw at the conclusion of the appeal." *Id.* The court thus declined to appoint counsel to assist Reynoso in filing a second, untimely petition for certiorari or grant any other relief. *Id.* at 19. Reynoso timely appealed. *Id.* at 20–22; *see* Fed. R. App. P. 25(a)(2)(A)(iii).

## SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion in denying Reynoso's motion for appointment for counsel to pursue an untimely petition for rehearing or an untimely, second petition for a writ of certiorari. Reynoso complains that his former CJA counsel failed to inform him of his right to petition for rehearing or certiorari. But he has already presented his claim regarding his former counsel to this Court and the Supreme Court, and both have declined to take any action. As the district court explained, Reynoso has no constitutional right to counsel to pursue discretionary review. It was well within its discretion to decline to appoint counsel to pursue untimely petitions where Reynoso had identified no claim, much less a nonfrivolous one, on which he wished to seek further review.

Nor should this Court recall its mandate and reenter its judgment to allow Reynoso another opportunity to file a timely petition for rehearing or certiorari. Reynoso has not demonstrated extraordinary circumstances

warranting such relief because he has not shown that he was prejudiced in any way by his counsel's purported failures.

## ARGUMENT

### I. The district court did not abuse its discretion in denying Reynoso's motion for appointment of counsel.

The constitutional right to counsel does not extend "beyond the direct appeal of a criminal conviction . . . ." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). There is no constitutional right to counsel to pursue discretionary review. *See Ross v. Moffitt*, 417 U.S. 600, 616–17 (1974) (no right to counsel to file a petition for certiorari). Nor does the right to counsel extend to postconviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 556–57 (1987).

The CJA provides a statutory right to counsel "through appeal." 18 U.S.C. § 3006A(c). Under this Court's CJA plan, counsel's appointment terminates once the person loses the appeal and "counsel informs the person of his or her right to petition for certiorari in the United States Supreme Court and the deadline for filing the petition." 10th Cir. R. add. I at 199. Counsel must prepare and file the petition for certiorari only if requested *and* "there are reasonable grounds for counsel properly to do so . . . ." *Id.* If counsel determines that there are no reasonable grounds for a petition, counsel must inform the person and move to withdraw. *Id.* The CJA does not

entitle a person to counsel once their conviction is final. *See* 18 U.S.C. § 3006A(c).

Although a person has no *right* to counsel for postconviction relief, the district court has *discretion* to appoint counsel to a "financially eligible person" when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see* 28 U.S.C. § 2255(g). "The decision to appoint counsel is left to the sound discretion of the district court . . . ." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). The denial of counsel will be overturned only where "it would result in fundamental unfairness impinging on due process rights." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (quotation omitted). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* This Court reviews the district court's denial of a motion for appointment of counsel for an abuse of discretion. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).

Although he has not filed a petition under 28 U.S.C. § 2255, Reynoso effectively seeks appointment of counsel to pursue postconviction relief. A conviction is final when there is no further avenue for direct appeal. *United States v. Anthony*, 25 F.4th 792, 799 (10th Cir. 2022); *see Clay v. United*

6

*States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Here, Reynoso's conviction and sentence are final because they have been affirmed on appeal, and his time to file a petition for a writ of certiorari has expired. Reynoso's statutory right to counsel under the CJA terminated upon conclusion of his appeal. *See* 18 U.S.C. § 3006A(c). Thus, the district court's decision on whether to appoint new counsel pertained only to postconviction relief and was a matter of discretion, not constitutional or statutory right.

The district court did not abuse its discretion by declining to appoint new counsel to allow Reynoso to pursue an untimely, second petition for certiorari or an untimely petition for rehearing en banc. Reynoso's time to file a petition for certiorari or petition for rehearing has long since expired. Sup. Ct. R. 13; Fed. R. App. P. 35(c), 40(a)(1). The district court had no authority to extend or waive these deadlines. Reynoso had already made the same request for the appointment of new counsel to the Supreme Court and this Court, which unlike the district court, would have discretion to consider untimely petitions. Petition for Certiorari at 4–8 (No. 21-7644); Doc. 010110646164 (10th Cir. No. 20-2130). Both courts elected to take no action. 2R.6; 142 S. Ct. 2791; Doc. 010110646165. The district court did not abuse its discretion in

declining to appoint counsel to pursue untimely petitions based on previously-presented claims. *See Margheim v. Buck*, 752 F. App'x 685, 686 (10th Cir. 2019) (district court correctly denied appointment of counsel to file untimely petition for certiorari).

Setting aside the untimeliness of his petitions, Reynoso has not demonstrated any colorable or nonfrivolous claim. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (affirming denial of counsel where movant "had little likelihood of prevailing on the merits"); *Nicholls v. Long*, No. 20-1159, 2022 WL 211617, at *10 (10th Cir. Jan. 25, 2022) (unpublished) (affirming the denial of counsel based in part on consideration of the merits of the habeas claim). This Court affirmed his conviction and sentence, 861 F. App'x 204, and Reynoso has identified no error that would warrant further discretionary review. Reynoso has not shown that filing a petition would have had any effect on the outcome of his case.

Nor did the district court abuse its discretion by not ordering Reynoso's former CJA counsel to file a petition for certiorari or move to withdraw. This Court's CJA plan only requires counsel to file a petition for certiorari if "there are reasonable grounds for counsel properly to do so . . . ."10th Cir. R. add. I at 199. Thus, even if the district court had authority to enforce this Court's rules, it could not order Reynoso's former counsel to file a petition for certiorari. At most, it could order counsel to choose between filing a petition

*or* moving to withdraw. But Reynoso has not identified any nonfrivolous claim that could be raised in a petition. And at this point, moving to withdraw would make no difference. Reynoso has successfully filed a pro se petition for certiorari, albeit untimely, and a petition for rehearing with the Supreme Court. While Reynoso contends that his counsel's failure to move to withdraw deprived him of the right to file a pro se petition, Op. Br. at 2, that is plainly not the case. Under these circumstances, the district court's denial of Reynoso's motion was not fundamentally unfair such that it impinged on his due process rights. *Williams*, 926 F.2d at 996.

## II.    <u>Reynoso has not shown extraordinary circumstances that would warrant recalling the mandate.</u>

Perhaps acknowledging the limits of the district court's authority, Reynoso concedes that the true purpose of his district court filing was to find his way back before this Court. Op. Br. at 3a ("Appellant filed his motion for appointment counsel in the district court to give this circuit court jurisdiction to recall or modify its June 29, 2021, judgment."). Now here, he asks that this Court recall its mandate and then vacate and reinstate its judgment to restart the clock on the deadline to file a petition for rehearing or certiorari. *Id.* Reynoso has not demonstrated any extraordinary circumstances that would warrant such action.

This Court may "set aside at any time a mandate that was procured by fraud or act to prevent an injustice, or to preserve the integrity of the judicial process." *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. State of Utah*, 114 F.3d 1513, 1522 (10th Cir. 1997) (quotation omitted). This limited power should only be exercised in "extraordinary circumstances." *Id.* "The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998).

Notably, this Court has already declined to grant Reynoso the relief he requests. Reynoso raised identical claims in the motion for appointment of counsel he submitted to this Court in February 2022, but this Court declined to entertain Reynoso's request for reinstatement of the judgment. *See* Doc. 010110646164, 010110646165. Although Reynoso filed a pro se petition for certiorari requesting review of this decision, the Supreme Court also declined to intervene. Petition for Certiorari at 4–8 (No. 21-7644); 2R.6. Nothing has changed that would warrant a different outcome now.

If this Court were to consider his request anew, Reynoso has identified no extraordinary circumstances that would warrant recalling the mandate and re-entering the judgment to allow him to file a petition for rehearing or a second petition for a writ of certiorari. While the letter Reynoso provided from his CJA counsel does not mention the right to petition for rehearing or

10

certiorari, 2R.14, the United States has no way of knowing whether this letter represents the sum total of his communication with counsel on this matter. Even accepting Reynoso's claim that his counsel never informed him of his rights, the circumstances here are not extraordinary because, as discussed above, Reynoso has not demonstrated prejudice. *See United States v. Fernandez*, 397 F. App'x 433, 437 (10th Cir. 2010) (declining to recall the mandate for failure to file a petition for certiorari as required by the CJA plan where defendant had not demonstrated prejudice). This Court has considered his appeal and affirmed his drug trafficking conviction, which was supported by the testimony of the agent to whom Reynoso personally sold two ounces of methamphetamine, as well as his below-guideline sentence. *Reynoso*, 861 F. App'x at 210. Reynoso has identified no nonfrivolous ground on which he could seek rehearing or a writ of certiorari. Although he successfully filed a pro se petition for certiorari challenging this Court's decision not to take any action, he raised no substantive claim regarding this Court's affirmance. *See* Petition for Certiorari (No. 21-7644). And even if he were to file a petition for rehearing or a second petition for certiorari with the assistance of counsel, it is highly unlikely that it would be granted or would result in him receiving any relief. Simply put, Reynoso has not shown any reason to believe that recalling the mandate to allow him a second

opportunity to file a timely petition for rehearing or certiorari would make any difference in his case.

While some courts have not required a showing of prejudice to recall the mandate,[4] this Court has never taken that path. *See Fernandez*, 397 F. App'x at 437. There is good reason not to. As pointed out by Reynoso, the Supreme Court has recognized that courts of appeals may remedy counsel's statutory CJA violation of failing to file a timely petition for certiorari by recalling the mandate and reentering judgment. *Wilkins v. United States*, 441 U.S. 468, 468–69 (1979); *see also Doherty v. United States*, 404 U.S. 28, 28–29 (1971); *Schreiner v. United States*, 404 U.S. 67, 67 (1971). But these cases all predate *Strickland v. Washington*, 466 U.S. 668 (1984), and thus do not address its requirement of prejudice for an ineffective assistance of counsel claim. As noted in Judge O'Brien's concurrence in *Fernandez*, it seems

---

[4] *See, e.g., Nnebe v. United States*, 534 F.3d 87, 91 (2d Cir. 2008) (declining to impose prejudice requirement because it would "be inconsistent with our responsibilities to effectuate the CJA and to implement properly our CJA Plan, and would unduly interfere with our obligation to supervise court-appointed counsel"); *United States v. Price*, 491 F.3d 613, 616 (7th Cir. 2007) (Ripple, J.) (granting motion to recall mandate where "it would be premature for me to say whether a petition would be warranted"); *but see Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) (affirming appeal of the denial of a § 2255 petition based on petitioner's claim that her counsel failed to honor her request to file a certiorari petition and failed to inform her of the procedure and time limits for proceeding pro se because petitioner had not shown a violation of any constitutional right to effective assistance of counsel or prejudice).

"inconceivable" to excuse a showing of prejudice on a CJA statutory claim, while demanding it for a constitutional claim, such as counsel's failure to file a notice of appeal upon a client's request. 397 F. App'x at 441.

In any event, none of the cases cited by Reynoso displaced the well-established rule that a mandate should only be recalled in extraordinary circumstances. *See Fernandez*, 397 F. App'x at 437; *see also Nnebe*, 534 F.3d at 91. And here, there are no extraordinary circumstances where Reynoso's claim regarding his prior counsel's purported shortcomings is undeveloped, he has not identified any nonfrivolous claim to raise on a petition for rehearing or for certiorari, and both this Court and the Supreme Court have already rejected his request for appointment of counsel and reinstatement of the judgment.

## **CONCLUSION AND STATEMENT CONCERNING ORAL ARGUMENT**

For these reasons, the Court should affirm the district court's order

denying the appointment of counsel.

Oral argument is not requested.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*s/ Tiffany L. Walters*

TIFFANY L. WALTERS
Assistant U.S. Attorney
P. O. Box 607
Albuquerque, NM 87103
(505) 346-7274
tiffany.walters2@usdoj.gov

14

## <u>TYPE-VOLUME CERTIFICATION</u>

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify that this brief contains 3,080 words. I relied on my word processor to obtain the count. My word processing software is Word 2016.

*s/ Tiffany L. Walters*
TIFFANY L. WALTERS
Assistant United States Attorney

## CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION

I HEREBY CERTIFY that the foregoing brief was filed with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system on December 23, 2022, and that seven photocopies of the foregoing brief will be sent by Federal Express to the United States Court of Appeals for the Tenth Circuit, Office of the Clerk, located at the Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado, 80257, following notification that the electronic brief is compliant.

I ALSO CERTIFY that on December 23, 2022, I served a copy of the brief by U.S. mail on pro-se Defendant-Appellant Mario Reynoso, Prisoner No. 33835-180 at FCI-Forrest City Medium, P.O. Box 3000, Forrest City, AR 72336.

*s/ Tiffany L. Walters*
TIFFANY L. WALTERS
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  No. CR 19-0137 RB

MARIO REYNOSO,

      Defendant.

## <u>ORDER DENYING MOTION TO APPOINT COUNSEL</u>

This matter is before the Court on Mario Reynoso's Motion to Appoint Counsel. (Doc. 132.) Reynoso was convicted after a jury trial of distributing 5 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (*See* Doc. 97.) The Court sentenced Reynoso to 280 months imprisonment on September 1, 2020. (Doc. 116.) Reynoso appealed, and the Tenth Circuit affirmed the judgment. (*See* Doc. 128-1.) Reynoso filed a petition for writ of certiorari on April 18, 2022, which the United States Supreme Court denied on June 6, 2022. (*See* Docs. 129–30.) The Supreme Court later denied a petition for rehearing. (*See* Doc. 131.)

Reynoso now seeks counsel to assist him in filing a petition for writ of certiorari. (*See id.*) Specifically, he moves:

> for an ORDER appointing CJA counsel pursuant to the Criminal Justice Act 18 U.S.C.S § 3006A or an ORDER compelling CJA counsel of the record to comply with his duties . . . by filing either a Writ of Certiorari Petition on Petitioner's behalf or file a Motion to Withdraw from representation . . . so Petitioner can file a Pro Se motion on his own behalf.

(Doc. 132 at 1.) "Review by the Supreme Court is discretionary, and the Supreme  Court has held that defendants have no right to counsel to pursue discretionary review." *United States v. Thomas*,

1

33 F. App'x 446, 448 (10th Cir. 2002) (citing *Ross v. Moffitt*, 417 U.S. 600, 616–17 (1974);

*Wainwright v. Torna*, 455 U.S. 586, 587 (1982)); *see also Pennsylvania v. Finley*, 481 U.S. 551,

555 (1987) (the "right to appointed counsel extends to the first appeal of right, and no further").

Thus, Reynoso's appointed CJA counsel was not required to file a petition for writ of certiorari on

Reynoso's behalf, nor was he required to file a motion to withdraw at the conclusion of the appeal.

In sum, the Court declines to appoint counsel to assist Reynoso in filing a second, untimely

petition for writ of certiorari or to grant him any other requested relief.

**IT IS ORDERED** that Reynoso's Motion to Appoint Counsel (Doc. 132) is **DENIED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

2