UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NO. 22-2119

---

MARIO REYNOSO,

    Defendant/Appellant,

vs.

UNITED STATES OF AMERICA,

    Plaintiff/Appellee.

---

Appeal from the United States District Court
For the District of New Mexico
District Court No. 2:19-CR-00137-RB
Hon. Robert C. Brack, Senior United States District Judge

---

APPELLANT'S REPLY TO APPELLEE'S ANSWER - NO ATTACHMENTS

---

ORAL ARGUMENT IS REQUETED IF THIS COURT DETERMINES IT IS NEEDED

MARIO REYNOSO, Pro se<br>
Defendant/Appellant<br>
P.O. Box 3000-Medium<br>
Forrest City, AR 72336

January 11, 2023

Pages 1 of 6

APPELLANT'S REPLY AND ARGUMENT TO APPELLEE'S ANSWER

Reynoso files his reply and argument to the Appellee's answer just to point out the fact that the Appellee's answer is misleading in many respects and it misdirects the matter at issue.

Appellee argues that Appellant's CJA counsel's failure to inform or advise Appellant of his CJA "right" to file a petition for REHEARING EN BANC in the Tenth Circuit Court of Appeals or a Petition For Writ Of Certiorari in the United States Supreme Court, does not present an extraordinary circumstance that would warrant this court to recall its earlier mandate and vacate the ORDER affirming Appellant's direct criminal appeal's review, only to reinstate the ORDER to allow Appellant a fresh time limitation for filing a timely petition for REHEARING EN BANC or WRIT OF CERTIORARI in compliance with both court's time limitation rules is erroneous. The United States Supreme Court made clear in its precedent controlling cases WILKINS v. UNITED STATES, 441 U.S. 468-69 (1979); also DOHERTY v. UNITED STATES, 404 U.S. 28, 28-29 (1971); and also SCHREINER v. UNITED STATES, 404 U.S. 668 (1971) that the remedy for addressing the claim Appellant presents before the courts, is by way of a "Motion for Appointment of Counsel". Appellee's argument that these cited above cases Appellant uses to support his claim predates STRICKLAND v. WASHINGTON, 466 U.S. 668 (1984), has no merit. Strickland v. Washington is not a case that even touches on the claim that Appellant's litigation puts forth. Appellant is not requesting CJA counsel to help him file any post-conviction habeas petition. Appellant is not raising a ineffective assistance of counsel claim, so a showing of prejudice

is not required before Appellant can be entitled to relief on the claim he advanced in his Motion For Appointment of Counsel. Although Appellant has filed a pro se petition for certiorari, such petition was not requesting the Supreme Court to review the ORDER affirming his criminal direct review. Appellees in their answer brief, acknowledges the fact that a petition for certiorari filed in the Supreme Court to challenge this Circuit Court's affirmance order on Appellant's criminal direct review at this point and during the time he filed his pro se certiorari petition (No. 21-7644), would be deemed "untimely".

Appellees further argue that the letter Appellant attached with his motion from his CJA counsel of the record, to support his argument that his CJA counsel never advise or informed him of his CJA "right" to petition the Supreme Court, that such letter does not represent the sum total of his communication with his counsel on the matter. Yet the letter speaks of CJA counsel's "termination", and also informs Appellant that this Circuit Court affirmed the district court's sentence. So if the letter speaks of CJA counsel's termination, than it remains quite clear that CJA counsel's communication with Appellant is deemed terminated as well. Furthermore, Appellees had every opportunity to request for CJA counsel to submit a sworn affidavit concerning the facts of his communication with Appellant as to whether or not CJA counsel advise Appellant of his CJA "right" to have CJA counsel file a petition for Writ of Certiorari with the United States Supreme Court.

Likewise, Appellant is not required to identify any non-frivolous claims for certiorari. As Appellees point out in their

answer brief on page 5,"The CJA provides a statutory right to counsel through appeal. Under this Court's CJA plan, Counsel's appointment terminates once the person loses the appeal [and] counsel informs the person of his or her 'right' to petition for certiorari in the United States Supreme Court". Appellant has provided sufficient evidence of proof in letter form from his appointed CJA counsel of the record showing the court that CJA counsel has never [informed] Appellant of his CJA "right" to petition the United States Supreme Court, so Appellant has now been deprived of his opportunity to have his sentences reviewed by the highest court of the land.

    Appellees are also incorrect and is trying to mislead this court by telling this court in its answer brief that Appellant effectively seeks appointment of counsel to pursue postconviction relief. (Appellee's Answer Brief, Page 6). Appellant is not trying to seek CJA counsel to assist him with filing a postconviction relief remedy. Appellant is arguing for his CJA right via Writ Of Certiorari, to be honored, so that he may obtain a final review of the judgments issued in his criminal litigation. It is not Reynoso's duty to identify any nonfrivolous grounds for seeking certiorari review, it is Reynoso's CJA appointed counsel's duty to inform the court pursuant to a Motion to Withdrawl that there are no nonfrivolous grounds on which CJA counsel could seek a REHEARING EN BANC MOTION or A WRIT OF CERTIORARI PETITION to the United States Supreme Court.

CONCLUSION AND REQUESTED RELIEF

For these reasons, the Court should not adopt the Appellee's answers, and should act upon Appellant's behalf by VACATING the affirmance ORDER issued on Reynoso's direct criminal review, REINSTATE the AFFIRMANCE ORDER, to allow Reynoso a fresh time limitation to either file a motion for REHEARING EN BANC in this Circuit Court, or petition the United States Supreme Court for a Certiorari review concerning the judgment of his direct criminal appeals matter.

This court should also instruct CJA counsel of the record to comply with the CJA rules and plan of this Circuit and either file a petition on Reynoso's behalf, or file a Motion to Withdrawl as CJA counsel so that Reynoso can request new CJA counsel or request permission from this circuit to proceed as a pro se litigant on his behalf.

Respectfully Submitted,

MARIO REYNOSO, Pro se.
Appellant/Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing [REPLY] was forwarded to to the clerk of the Court for the United States Court of Appeals in the Tenth Circuit by using the internal mailing system here at FCC Forrest City Correctional Complex, after being affixed with First-class pre-paid postage, to be delivered by a third party [U.S. Postal Service] on this 24 day, in Janurary 2023.

I also CERTIFY that on Janurary 24, 2023, I served a copy of the REPLY by U.S. mail on the Assistant United States Attorney Tiffany L. Walters, located at P.O Box 607, Albuquerque, NM 87103.

Respectfully Signed,

MARIO REYNOSO.

Mario Reynoso #33635-180
Federal Correctional Complex
P.O. Box 3000
Forest City, AR 72336

United States Court of Appeals
for the Tenth Circuit
Office of the clerk
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257